## Christopher H. SMITH

v.

## UNITED STUDENT AID FUNDS, INC.

### No. CIV. A. 96–1610.

United States District Court, E.D. Louisiana.

Jan. 23, 1998.

Christopher H. Smith, New Orleans, LA, pro se.

Christopher Mar Guidroz, Denise C. Puente, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA, for Defendant.

## ORDER AND REASONS

FALLON, District Judge.

Before the court is the motion of plaintiff in counterclaim, United Student Aid Funds, Inc. (USA Funds) for summary judgment on several promissory notes issued by defendant in counterclaim, Christopher H. Smith. For the following reasons, the motion is GRANTED.

**I. BACKGROUND:** Plaintiff, Christopher Smith, brought this action against defendant, USA Funds, alleging that USA Funds breached an oral agreement to consolidate Smith's outstanding student loans (thereby rehabilitating his default status) if Smith made three consecutive monthly payments of $150 each. USA Funds brought a counterclaim against Smith for the balance owed by Smith on his student loans, plus interest and costs. On March 31, 1997, this Court granted USA Funds' motion for summary judgment dismissing Smith's claims against it. USA Funds now seeks summary judgment with respect to its counterclaim. Smith has filed no memorandum or evidence in opposition to the motion.

**II. ANALYSIS:** Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56.

■ Smith acquired his undergraduate degree from Loyola University in New Orleans in May 1992. This education was funded by various student loans, each represented by a promissory note executed by Smith. The notes became due 45 days after Smith's last deferment period expired in May 1993. De-

mand was made upon USA Funds, as guarantor, to reimburse the private lenders. USA Funds did so on February 28, 1994 and April 8, 1994, reimbursing the various lenders a total of $15,425.64.

 "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." *American Bank v. Saxena,* 553 So.2d 836, 842 (La. 1989); La.Rev.Stat. Ann. § 10:3–308(b) (West 1993). Smith has admitted in deposition testimony that the notes were executed by him. The evidence is uncontradicted that Smith is in default and that the only payments made by him were four payments of $150 each. Smith has proffered no defense to liability

Accordingly, the Court finds that USA Funds is entitled to judgment as a matter of law on the notes in the amount of $19,833.23, which amount includes both principal and interest. *See* Affidavit of Carl Dalstrom. In addition, the Court finds that USA Funds is entitled to $3,856.41 for collection costs, which amount represents 25% of the amount paid by USA Funds when it purchased Smith's loans. *See* Promissory Notes, USA Funds Exhibit 3, ¶ VI; 34 C.F.R. §§ 30.60 and 682.410(b)(2); Supplemental Affidavit of Carl Dalstrom, Jan. 21, 1998.

For the foregoing reasons and for the reasons stated in USA Funds' memorandum. IT IS ORDERED that USA Funds' motion for summary judgment is HEREBY GRANTED.